PATTERSON, Judge.
On February 16, 1993, the trial court adjudicated C.P. a dependent child and placed him in the custody of his paternal grandmother. The appellant, C.P.’s natural mother, contends that she did not receive notice of the adjudicatory hearing. From the record before us, we are compelled to agree and reverse.
At times during these proceedings, the mother was represented by court-appointed counsel. At other times, she was a bothersome pro se litigant who refused to divulge her residence address to anyone. She insisted that mail to her be addressed “general delivery” in Clearwater, where it may be supposed that she resides. On December 28, 1992, the mother’s court-appointed counsel filed a motion to withdraw based on “irreconcilable differences” with her client. The trial court, on the same day and without following the procedural requirements of Florida Rule of Judicial Administration 2.060(i), entered an order granting the motion.
The transcript of the adjudicatory hearing reflects that the mother was not present and was not represented by counsel. The record does not contain a notice of hearing. The record does show that the mother filed a handwritten motion for a rehearing of the adjudicatory order. The motion asserts that the mother inquired at HRS and the clerk’s office as to the hearing time and was told 1:30 p.m. on February 15, 1993. The hearing, in fact, was at 9:30 a.m. on that date. Since nothing in the record contradicts the mother’s assertions, we must conclude that *148 she did not receive notice. We therefore reverse and remand for another adjudicatory hearing. C.P. will remain in his current placement pending that hearing unless the trial court determines otherwise.
Reversed and remanded.
CAMPBELL, A.C.J., and LAZZARA, J., concur.